No. 22-625, *Denise Orso v. The City of Logan*

WOOTON, J., dissenting:

**FILED**
**March 15, 2024**
released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Our law is clear that "[n]o action for negligence will lie without a duty broken." Syl. Pt. 1, in part, *Parsley v. Gen. Motors Acceptance Corp.*, 167 W. Va. 866, 280 S.E.2d 703(1981). Also, "[n]egligence is the violation of the duty of taking care under the given circumstances. It is not absolute, but is always relative to some circumstance of time, place, manner, or person." Syl. Pt. 1, *Dicken v. Liverpool Salt & Coal Co.,* 41 W. Va. 511, 23 S.E. 582 (1895). This Court explained in *Strahin v. Cleavenger*, 216 W. Va. 175, 603 S.E.2d 197 (2004), that duty is not "an inflexible principle." *Id*. at 184, 603 S.E.2d at 206. In this regard, we reiterated our law enunciated in syllabus point three of *Sewell v. Gregory*, 179 W. Va. 585, 371 S.E.2d 82 (1988), wherein we held that

> [t]he ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?

*Strahin*, 216 W. Va. at 184, 603 S.E.2d at 206. We then reasoned that

> [t]his test obviously involves a mix of legal and factual determinations which must be made regarding foreseeability in relation to duty in negligence cases. As this Court said over 100 years ago,
>
>> the most the court can ordinarily do, when the question of care or negligence depends upon a variety of circumstances, is to define the decree (sic) of care and caution required by the law and

1

> leave to the practical judgment of the jury the work of comparing the acts and conduct of the parties with the duties required of them under the circumstances.

> Syl. Pt. 2, in part, *Washington v. B. & O. R.R. Co.*, 17 W.Va. 190, 1880 WL 4038 (W.Va.1880).

*Strahin*, 216 W. Va. at 184-85, 603 S.E.2d at 206-07.  The Court then held that "[w]hen the facts about foreseeability as an element of duty are disputed and reasonable persons may draw different conclusions from them, two questions arise—one of law for the judge and one of fact for the jury."  *Strahin*, 216 W. Va. at 179, 603 S.E.2d at 201, Syl. Pt. 11.  Thus,

> [a] court's overall purpose in its consideration of foreseeability in conjunction with the duty owed is to discern in general terms whether the type of conduct at issue is sufficiently likely to result in the kind of harm experienced based on the evidence presented. If the court determines that disputed facts related to foreseeability, viewed in the light most favorable to the plaintiff, are sufficient to support foreseeability, resolution of the disputed facts is a jury question.

*Id*. at 180, 603 S.E.2d at 202, Syl. Pt. 12.

In affirming the circuit court's order granting the City's motion for summary judgment, the majority, like the circuit court, embarked on its own assessment of the foreseeability component discussed *supra* – instead of placing this question in the capable hands of a jury.[1] The majority then concludes that "there is no evidence demonstrating that

---

[1] "Questions of negligence, due care, proximate cause and concurrent negligence present issues of fact for jury determination when the evidence pertaining to such issues is conflicting or where the facts, even though undisputed, are such that reasonable men may

Respondent knew or should have known that the wire was on the sidewalk causing a potential hazard when Petitioner fell." While the majority reached this conclusion, I believe that a jury could have viewed these same facts and concluded the opposite – that based upon the City's actions it was reasonably foreseeable that the City knew or should have known of this potential hazard.

Although the City's street commissioner testified that he had never received any complaints about the subject loop of cable wire, he also testified that he and other City personnel—in the discharge of their job duties—did visual inspections of the downtown properties several times a week, including the area of Ms. Orso's fall, where it was undisputed that the loop of cable wire had been present for at least ten years.[2] A jury could have found that it was foreseeable that the City's street commissioner, who was affirmatively looking for potential hazards on the City's sidewalks multiple times a week, either knew or at least should have known that the hazard which caused Ms. Orso's injuries existed.

Summary judgment is appropriate only where "the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party

---

draw different conclusions from them." Syl. Pt. 4, *Aikens v. Debow*, 208 W. Va. 486, 541 S.E.2d 576 (2000) (citation omitted).

[2] When asked how often he conducted these visual inspections, the street commissioner testified "we're out on the streets every day. . . . I mean Monday through Friday, unless it's a holiday. I mean we're out every day."

has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, in part, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995). Because at least one triable issue exists in this case, I disagree with the majority's decision to uphold the circuit court's grant of summary judgment to the City. Jury trials are the backbone of our judicial system. This Court must assiduously ensure that the circuit courts (and appellate courts) do not decide questions of fact and usurp authority from the jury. Accordingly, I would reverse the circuit court's summary judgment order and remand this case for additional proceedings.

Based on the foregoing, I respectfully dissent.